UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No: 17-10236-IT |
| | ) |
| DARNELL UPSHAW, | ) |
|     Defendant | ) |

**JOINT STATUS REPORT**

Pursuant to Local Rule 116.5(a), the parties hereby file the following status report prepared in connection with the status conference scheduled for October 3, 2017.

(1) Status of Automatic Discovery and Pending Discovery Requests

The government provided automatic discovery on August 23, 2017. The defendant is reviewing the discovery materials. There are no pending discovery requests.

(2)-(3) Additional Discovery/Timing of Requests

The government is awaiting results of gunshot residue primer testing of the clothes the defendant was wearing at the time of his arrest; and fingerprint, DNA, and ballistics testing of the firearm and ammunition referenced in the indictment. The government will produce these results when they become available. Any newly discovered evidence shall be disclosed pursuant to the Local Rules. The defendant does not yet know whether he will make additional discovery requests.

(4) Protective Orders

No protective orders are anticipated by the parties at this time.

(5) Pretrial Motions

The defendant is reviewing the discovery produced to date and does not yet know whether he will file any motions under Fed. R. Crim. P. 12(b).

(6) Expert Discovery

The Government agrees to provide expert witness disclosures, if any, 28 days prior to trial. The Defendant agrees to provide expert witness disclosures, if any, 14 days prior to trial.

(7)   Defenses of Insanity, Public Authority, or Alibi

The defendant does not yet know whether he will raise a defense of insanity, public authority, or alibi.

(8)   Periods of Excludable Delay

In its order dated August 11, 2017, the Court excluded the time from the date of the defendant's initial appearance on August 10, 2017, through the date of the next-scheduled status conference on August 31, 2017, as necessary for effective preparation and in the interests of justice. D.10. In its order dated August 30, 2017, the Court granted the parties' joint request to continue the status conference to October 3, 2017, and excluded the time through that date as necessary for effective preparation and in the interests of justice. D.14. The defendant has agreed to those exclusions of time. Per the Court's orders, as of October 3, 2017, no non-excludable days have elapsed, leaving 70 days to commence trial.

The parties jointly request that the time between the status conference scheduled for October 3, 2017, through the date the case is next scheduled in court be excluded from all Speedy Trial Act calculations to allow the defendant to evaluate discovery, seek additional discovery, and consider the need for pretrial motions; and to give the parties sufficient time to explore disposition of this case short of trial.

(9)   Whether Trial is Anticipated; Estimated Length of Trial

It is too early for the parties to anticipate whether there will be a trial. However, a trial should last approximately one week.

(10)   Date for Further or Final Status Conference

The parties jointly request that the Court accept this status report in lieu of appearing in court for the status conference on October 3, 2017, and further request that the Court schedule the next interim status conference for October 30 or November 1, 2017.

          Respectfully submitted,

          WILLIAM D. WEINREB
          Acting United States Attorney

| | |
|---|---|
| */s/ Scott Lauer* | By:   */s/ Kelly Begg Lawrence* |
| SCOTT LAUER | KELLY BEGG LAWRENCE |
| Attorney for Darnell Upshaw | Assistant U.S. Attorney |

## **CERTIFICATE OF SERVICE**

I hereby certify that this document, filed through the Court's Electronic Court Filing (ECF) system on September 26, 2017, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

>*/s/ Kelly Begg Lawrence*
>Kelly Begg Lawrence
>Assistant U.S. Attorney